CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
SEP 25 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| LORRAINE GENNUSO, | CASE NO. 4:07CV00005 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security[1], | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | |

This challenge to a final decision of the Commissioner which denied plaintiff's June 7, 2005 protectively filed claim for a closed period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case.[2] The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment, and DISMISSING this case from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for the Commissioner of Social Security as the defendant.

[2]Plaintiff's alleged disability onset date is January 3, 2005, and she was insured through June 30, 2005. Thus, plaintiff's claim is one for a closed period of disability from January 3, 2005 through June 30, 2005.

Administrative Law Judge (Law Judge) found that plaintiff had not engaged in substantial gainful activity during the relevant time period. (R. 16.) The Law Judge further found that plaintiff suffered a severe combination of impairments, namely lumbar strain/sprain with mild degenerative disc disease with spurring, diabetes mellitus with neuropathy, hypertension and mild degenerative disc disease of the cervical spine at C6-7. (*Id.*) The Law Judge determined that these impairments, viewed individually or in combination, did not meet or equal any listed impairment, and that plaintiff's allegations about the intensity, persistence, and limiting effects of her maladies were not entirely credible. (R. 17-18.) The Law Judge also determined that she possessed the following residual functional capacity (RFC): ability to stand/walk and sit up to six hours per workday; ability to lift/carry up to 25 pounds frequently and 50 pounds occasionally; had no limitations on pushing/pulling; was precluded from climbing ladders/scaffolds/ropes; could occasionally climb ramps and stairs; could occasionally balance, stoop, kneel, crouch and crawl; and needed to avoid even moderate exposure to heights and moving machinery. (R. 17.) The Law Judge concluded that because plaintiff's past relevant work as a chef/cook, as generally performed, did not require the performance of duties precluded by her RFC, she was not disabled from her past relevant work and, thus, was not disabled under the Act. (R. 20-21.)

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis in the record, or in the reasons she advanced on appeal, to review the Law Judge's decision. (R. 5-8.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing

symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F. 2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The Regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In her Memorandum In Support of Plaintiff's Motion For Summary Judgment ("Plaintiff's Brief"), she takes the position that the Law Judge failed to properly consider and credit the medical evidence in the record when he concluded that her allegations concerning the effects of her maladies were not entirely credible. (Plaintiff's Brief, pp. 5-6.) Plaintiff points out that since an automobile accident on January 3, 2005, she consistently has presented to her treating doctors and chiropractor with complaints of pain in her back and neck, and that her diabetes, which was diagnosed in 2004, has produced numbness and pain in her feet. (Pl's Brief, pp. 2-4.) She further notes that X-rays show cervical and lumbar disc degeneration with scoliosis, but that she was not able to tolerate an MRI to determine whether her pain was radicular in nature. (Pl's Brief, p. 4.) She explained that various drug therapies have been explored and ceased because certain medications made her sick. (*Id.*) Finally, plaintiff offers that she has become very depressed and emotional and also has undergone numerous treatments by a chiropractor for muscle spasms, edema, misalignment and tenderness in her lumbar spine. (Pl's Brief, p. 5.)

3

The Commissioner's position is rather simple and straight forward. He is of the view that, despite suffering the effects of a motor vehicle accident in early 2005, as well as the effects of diabetic neuropathy, plaintiff primarily has been treated routinely with non-narcotic medication and chiropractic adjustments. (Defendant's Brief, pp. 3-4.) The Commissioner also points out that the State Agency record reviewers were of the opinion that, despite her impairments, she could perform medium work with certain limitations, that her daily activities demonstrated her ability to work, and that the vocational expert ("VE") called to testify at the hearing opined that the job requirements of an institutional chef were not beyond her capacities, notwithstanding the limitations posited by the State Agency physicians. (Def's Brief, p. 5.) The Commissioner does not believe the plaintiff carried her burden of producing evidence which demonstrated her inability to perform her past relevant work because her complaints were not fully credible, and because her daily activities and rather routine treatment contradict her subjective complaints. (Def's Brief, pp. 8-9.)

Plaintiff bears the burden in the sequential evaluation process to demonstrate she suffers severe impairments which prevent her return to her past relevant work. *See* 20 C.F.R. § 404.1520. The court's independent review of the record reveals some evidence which, at first blush, appears to support plaintiff's claim that she is disabled. One of plaintiff's treating sources, Robert Cassidy, M.D., opined that she is "total (sic) disabled and can't work as a chef at all. Patient is not able to perform job." (R. 199.) However, this opinion is dated November 21, 2006, postdating plaintiff's insured status by almost a year and a half and provides no insight into whether it relates back to the period under consideration. Moreover, this opinion is written on a leaf from a prescription pad and provides no reference to supporting objective medical evidence.

4

Case 4:07-cv-00005-JLK-BWC   Document 14   Filed 09/25/07   Page 4 of 6   Pageid#: 44

Thus, the undersigned cannot find that Dr. Cassidy's evidence is relevant to the period during which plaintiff was insured. Nor can the evidence offered by her treating chiropractor fill the gap from a medical point of view because a chiropractor is not an acceptable medical source under the Commissioner's regulations. *See* 20 C.F.R. §§ 404.1513(a), 404.1513(d)(providing that a chiropractor is not an "acceptable medical source," and as such, does not qualify to give an opinion regarding the existence of a severe impairment, only the severity of the impairment and the extent to which it impacts a claimant's ability to work).

While there is no question plaintiff established severe impairments, which even one record reviewer acknowledged produced pain that "significantly impacts her ability to perform work related activities," thus rendering her subjective complaints partially credible (R. 119-120). While the court, itself, may have attributed more weight to plaintiff's subjective complaints than did the Law Judge had it been the trier of fact, the medical evidence for the relevant period demonstrated the very kind of routine treatment which, when coupled with plaintiff's daily activities, constitute substantial evidentiary support for the Law Judge's finding that her subjective complaints were not sufficiently corroborated by the record to fully credit them. In fact, apart from her own statements and testimonial evidence, plaintiff has not produced any medical evidence for the relevant insured period to suggest that the Law Judge's resolution of the conflicts in the evidence was legally erroneous or unsupported by the substantial evidence.

For these reasons, it is RECOMMENDED that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding

United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

9-25-07
Date