IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| LORRAINE GENNUSO, ) | |
| ) | Case No. 4:07CV00005 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | By: Jackson L. Kiser |
| ) | Senior United States District Judge |
| Defendant. ) | |

Before me is the *Report and Recommendation* of United States Magistrate Judge B. Waugh Crigler. The Magistrate Judge recommends granting the Defendant's *Motion for Summary Judgment*. I have reviewed the Magistrate Judge's recommendation, as well as the Plaintiff's *Objections* and Defendant's response to those objections. The matter is now ripe for decision.

For the reasons stated below, I will **ADOPT** the Magistrate Judge's *Report and Recommendation* and **OVERRULE** the Plaintiff's *Objections*. I will **GRANT** the Defendant's *Motion for Summary Judgment*.

I.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff Lorraine Gennuso protectively filed an application for disability benefits on June 7, 2005, for a finding of disability and ongoing disability benefits under the Social Security Act ("Act"), 42 U.S.C. §§ 416, 423, commencing from June 3, 2005. In a decision by the Administrative Law Judge ("ALJ"), adopted as final by the Commissioner, it was held that plaintiff had not engaged in substantial gainful activity during the relevant time period. (R. 16.) The ALJ found that Plaintiff suffered from a combination of severe impairments: lumbar strain

1

or sprain with mild degenerative disc disease (with spurring), diabetes mellitus with neuropathy, and hypertension with mild degenerative disc disease of the cervical spine. *Id.* The ALJ found two reasons in support of his decision to deny Plaintiff disability benefits. First, none of these impairments, individually or in combination, met or equaled any listed impairment in the regulations pursuant to the Act. Second, Plaintiff retained significant residual functional capacity ("RFC") such that she was able to perform her past relevant work as a chef or a cook. (R. 17-21.)

Specifically, the ALJ found that Plaintiff had the ability to stand or walk and sit up to six hours per workday, as well as lift and carry up to 25 pounds frequently and 50 pounds occasionally. (R. 17.) State agency medical consultants stated that she could occasionally climb ramps and stairs, though she had to avoid even moderate exposure to heights and moving machinery. (R. 20.) These physical capabilities, as factors in her RFC, did not preclude her performance of prior work as a chef/cook, according to the vocational expert on which the ALJ relied at the hearing. (R. 20.) Plaintiff's evidence to the contrary was rejected by the ALJ as not being credible, given that it consisted of an unsworn note, written more than a year after the relevant disability period by a treating physician ("Dr. Cassidy"), stating his one-sentence opinion that she was disabled and "can't work as a chef at all." (R. 199.)

Plaintiff has also complained throughout the administrative process of several other maladies, including depression, panic attacks, numbness in her feet from diabetes mellitus, chronic back pain, and difficulty in pain management because she cannot tolerate the medications prescribed by her treating physicians. Pl. Brief in Support of Motion for Summary Judgment 3-5. Plaintiff properly followed the administrative procedures, appealing the ALJ's decision to the Appeals Council, which affirmed the ALJ's decision.

At this point, the Commissioner's decision became "final," and Plaintiff filed this action in the United States District Court for the Western District of Virginia on January 29, 2007. This case was assigned to the Magistrate Judge, who issued his *Report and Recommendations* on September 25, 2007, after considering the motions for summary judgment filed by both Plaintiff and the Commissioner, recommending that the Commissioner's motion be granted and the case dismissed. Plaintiff timely filed her *Objections* to the recommendation, and the Commissioner filed his response thereafter.

## II.  STANDARD OF REVIEW

Congress has limited judicial review of decisions by the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. 42 U.S.C. § 405(g); *see also Craig v. Chater,* 76 F.3d 585 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (*quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545; *Shively v. Heckler*, 739 F.2d 987, 990 (4th Cir. 1984). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527 and 416.927. If the ALJ's resolution of the

3

conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. *Laws*, 368 F.2d at 640.

**III.     DISCUSSION**

There is no argument by Plaintiff that the Commissioner applied the legal standards relevant to this case incorrectly. Instead, Plaintiff contends that the ALJ did not have substantial evidentiary support for his findings of fact, specifically because he did not give weight to Plaintiff's subjective complaints of disabling pain, testimony from Plaintiff's chiropractor, and Plaintiff's having been diagnosed with diabetes mellitus, peripheral neuropathy, and degenerative disc disease in the lumbar spine with spurring and mild scoliosis and in the cervical spine as well.

As the standard of review requires, I am precluded from judging the evidence in this case in the way a finder of fact would, and instead must review the record before this Court and determine whether substantial evidence supports the decision of the Commissioner. For the reasons given here, I find that the Commissioner had substantial evidence in the record for his conclusion that Plaintiff is not entitled to disability benefits.[1]

First, the ALJ supported his decision that Plaintiff was not disabled under the regulations by substantial evidence from accepted medical sources, such as the testimony of Doctors Murphy and Surrusco. (R. at 96, 119-20.) The record shows that objective evidence from these medical sources, unremarkable clinical tests on the Plaintiff, evidence of Plaintiff's routine treatment with non-narcotic drugs and chiropractic adjustments, and her daily activities in taking

---

[1] It appears that the Magistrate Judge misstated that the period for which Plaintiff was seeking benefits was *closed*, as opposed to an ongoing period. This has no effect on the Magistrate Judge's analysis.

4

care of herself without assistance all contradict her subjective complaints of disabling pain from her conditions. When the ALJ could rely on multiple, unchallenged sources of medical and practical evidence to refute Plaintiff's subjective complaints, it surely meets the substantial evidence standard.

Second, the ALJ decided that Plaintiff had an RFC that allowed her to perform work in the economy as a chef or cook. The ALJ supported this finding with testimony from the vocational expert who testified at Plaintiff's hearing, as well as two medical sources. Furthermore, the ALJ considered the lack of laboratory or clinical findings, as well as Plaintiff's routine activities. Plaintiff has challenged the ALJ's evidentiary basis by arguing that the ALJ improperly failed to consider testimony from her chiropractor. However, pursuant to the Commissioner's regulations, the ALJ is directed to give less weight to a chiropractor's testimony because such practitioners are not considered "acceptable medical sources." *See* 20 C.F.R. §§ 404.1513(a), 404.1513(d). While Plaintiff is indeed correct to argue that "a chiropractor's records and opinions can be used to assist in the determination of the severity of an impairment and the extent to which it impacts an individual's ability to work," such testimony is surely not dispositive. In the face of several acceptable medical and clinical sources that contradict Plaintiff's claims and her chiropractor's notes, the ALJ had substantial evidentiary support to reject Plaintiff's argument on this issue.

## IV.　CONCLUSION

For the reasons stated herein, I will **ADOPT** the Magistrate Judge's *Report and Recommendation* and **OVERRULE** Plaintiff's *Objections*. I will **GRANT** Defendant's *Motion*

5

*for Summary Judgment* and this case will be **DISMISSED** from the active docket of this Court.

The Clerk is directed to send a copy of this *Memorandum Opinion* and the accompanying *Order* to all counsel of record.

Entered this 14th day of January, 2008.

                                                      s/Jackson L. Kiser
                                                     Senior United States District Judge